FILED

2014 NOV -4  A 11: 54

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES HUDSON AND, <br> ALEESHA HUDSON <br>     Plaintiffs, <br> v. <br> AISHA BABILONIA <br> SLM CORP., SALLIE MAE, INC., <br> SALLIE MAE BANK, AND <br> PFS/PROGRESSIVE FIN. SERV, INC. <br>     Defendants. | : CASE NO. 3:14 CV 1646 (MPS) <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : NOVEMBER 3, 2014 <br> : |

## ORIGINALCOMPLAINT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Connecticut Identity Theft Statute ("Identity Theft"), Conn. Gen. Stat. §52-571h, and common law.

2.  This Court's jurisdiction is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331 and §1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4.    Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.    Plaintiff, Charles Hudson is an individual who resides in Connecticut and is a consumer as the term is defined by 15 U.S.C. § 1681a(c).

6.    Plaintiff, Aleesha Hudson is an individual who resides in Connecticut and is a consumer as the term is defined by 15 U.S.C. § 1681a(c).

7.    Defendant. Aisha M. Babilonia is an individual who residing 225 Emerson Avenue, Plainfield, New Jersey 07062.

8.    Defendant, SLM Corporation, ("Sallie Mae"), is a Delaware corporation with a principal place of business at 300 Continental Drive, Newark, DE 19713, operating as a student loan provider institution, and is a "user" and furnisher" of consumer information to consumer reporting agencies.

9.    Defendant, Sallie Mae, Inc., ("Sallie Mae"), is a Delaware corporation with a principal place of business at 300 Continental Drive, Newark, DE 19713,, operating as a student loan provider institution, and is a "user" and furnisher" of consumer information to consumer reporting agencies.

10.   Defendant, Sallie Mae Bank, ("Sallie Mae"), is a Utah corporation with a principal place of business at 175 S West Temple, Suite 600 Salt Lake City, UT 84101, operating as a banking institution, and is a "user" and furnisher" of consumer information to consumer reporting agencies.

11.     Defendant, PFS/Progressive Financial Services, Inc., ("Progressive"), is a Pennsylvania corporation with a principal place of business at 1919 W Fairmont Drive, Bldg. 8 Tempe, AZ 85282, operating as a collection agency, and is a "user" and furnisher" of consumer information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

12.     On or about April 10, 2012, the Defendants, Sallie Mae and Aisha Babilonia ("Babilonia") used the Plaintiff, Charles Hudson's personal identifying information to obtain credit in the sum of $15,000, without his knowledge, permission or consent.

13.     Sallie Mae used Mr. Hudson's personal identifying information to make a private student loan of $15,000, loan account number 5029350003682775 ("Loan") intentionally failing to contact the Plaintiff to obtain his permission or to verify his personal information.

14.     In November 2013, Defendants, Sallie Mae and Progressive commenced collection activity on the Loan and used their automatic telephone dialing system and or artificial or prerecorded voice to contact the Plaintiffs on Plaintiffs' cellular telephones.

15.     The Plaintiffs did not provide any express consent to the Defendants, Sallie Mae or Progressive to place telephone calls to Plaintiffs' cellular telephones

utilizing an automatic telephone dialing system and or an artificial or prerecorded voice.

16. In or around January or early February 2014, Sallie Mae's representative spoke to the Plaintiff, Charles Hudson for the first time, ever, concerning the Loan.

17. Plaintiff Charles Hudson informed the Sallie Mae representative that he never, ever signed any application for the Loan.

18. Upon information and belief, Sallie Mae at that point commenced a fraud investigation and sent Mr. Hudson a letter dated February 7, 2014 concerning its investigation.

19. By around August 2014, Sallie Mae still refused to correct or remove Plaintiff's name from the Loan account and, Plaintiffs then disputed the Loan account with Experian that the Loan was not owned by Mr. Hudson.

20. In spite of the dispute, and subsequent dispute with other Consumer Reporting Agencies ("CRA"s), Sallie Mae and or Progressive willfully, intentionally, knowingly and or negligently furnished and continued to furnish false and inaccurate reports about Mr. Hudson to the CRAs that Mr. Hudson was joint owner of the Loan.

## COUNT ONE
(VIOLATIONS OF THE CONNECTICUT IDENTITY THEFT STATUTE)

21.   Plaintiffs incorporate by reference all of the above paragraphs one to twenty (1-20) of this Complaint as though fully stated herein.

22.   Defendants Babilonia and Sallie Mae knew that the Plaintiff, Mr. Hudson did not authorize or permit or provide his consent to them to use his personal identifying information to obtain the credit of $15,000 in student loan, in violation of Connecticut criminal statutes C.G.S, §53a-129a and C.G.S, §53a-129b (Class B felony).

23.   As a result of the criminal and statutory violations of Babilonia and Sallie Mae, Plaintiff, Charles Hudson has sustained injury, including, actual damages, humiliation, intimidation, abuse, fear, mental anguish and pain and suffering pursuant to the Connecticut statute C.G.S, §52-571h.

24.   ,As a further result of the criminal statutory violations demonstrated above, Plaintiff, Charles Hudson is entitled to an award of the greater of $1,000 in statutory damages or treble damages together with costs and a reasonable attorney's fee pursuant to the Connecticut statute C.G.S, §52-571h..

**COUNT TWO**
(VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

25.   Plaintiffs incorporate by reference all of the above paragraphs one-twenty four (1-24) of this Complaint as though fully stated herein.

26.   Commencing in November 2013, Defendants, Sallie Mae and or Progressive made multiple telephone calls to the Plaintiffs, Charles Hudson's and

Aleesha Hudson's cellular telephone numbers using Sallie Mae's and or Progressives' automatic telephone dialing system and or artificial or prerecorded voice.

27. Plaintiffs, Charles Hudson and Aleesha Hudson did not provide express consent allowing Defendants, Sallie Mae and or Progressive to place telephone calls to Plaintiffs' cellular telephones utilizing an artificial or prerecorded voice o and or automatic telephone dialing system within the meaning of 47 U.S.C. §227(b)(1)(A).

28. Defendants, Sallie Mae and or Progressive did not make the telephone calls to Plaintiffs' cellular telephones for emergency purposes as described by 47 U.S.C. §227(b)(1)(A).

29. Defendants, Sallie Mae's and or Progressive's telephone calls to Plaintiffs' cellular telephones using an artificial or prerecorded voice or placed by an automatic telephone dialing system for non-emergency purposes and without Plaintiffs' prior express consent violated 47 U.S.C. §227(b)(1)(A).

30. As a result of Sallie Mae's and Progressive's negligent violations of the TCPA, 47 U.S.C. §227 et seq., Plaintiffs are entitled to a statutory damages of $500 for each and every call so placed pursuant to 47 U.S.C. §227(b)(3)(B).

31. As a further result of Sallie Mae's and Progressive's knowing and or willful violations of the TCPA, 47 U.S.C. §227 et seq., Plaintiffs are entitled to treble

damages of up to $1,500 for each and every call placed, pursuant to 47 U.S.C. §227(b)(3).

32.     As a further result of Sallie Mae's and Progressive's negligent, knowing and or willful violations of the TCPA, 47 U.S.C. §227 et seq., Plaintiffs are entitled to an award of attorneys' fees and costs.

## COUNT THREE
(VIOLATIONS OF THE FAIR CREDIT REPORTING ACT)

33.     Plaintiffs incorporate by reference all of the above paragraphs one-thirty two (1-32) of this Complaint as though fully stated herein.

34.     Each of the Defendants, Sallie Mae and Progressive is a user of information about Plaintiff from one or more consumer reporting agencies as defined by 15 U.S.C. § 1681a.

35.     At various times in 2014, Defendants, Sallie Mae and Progressive obtained Plaintiff, Charles Hudson's personal information from several CRAs without his permission or authorization or consent.

36.     Defendants through each of the above mentioned actions of false pretenses of using Plaintiff's Charles Hudson's personal identifying information without his permission, authorization or consent and or obtaining Plaintiff's, Charles Hudson's personal information without his permission, authorization or consent, violated 15 U.S.C. § 1681q which requires that any person who knowingly and willfully obtains information on a consumer from a consumer

reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

37. Defendants, Sallie Mae and Progressive as aforesaid, violated 15 U.S.C. § 1681b(f) which requires that "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

38. As a result of the criminal and other statutory violations demonstrated above, Plaintiff, Charles Hudson has sustained injury, including, actual damages, humiliation, intimidation, abuse, fear, mental anguish and pain and suffering

39. ,As a result of the criminal and other statutory violations demonstrated above, Plaintiff, Charles Hudson is entitled to actual damages, statutory damages and punitive damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, inter alia.

40. Defendants, Sallie Mae and Progressive violated 15 U.S.C. § 1681q as aforesaid and are therefore liable to Plaintiff, Charles Hudson for damages as required by 15 U.S.C. § 1681n and 15 U.S.C. 1691o.

41. For defendants' Sallie Mae's and Progressive's willful violations of the FCRA, 15 U.S.C. § 1681q, Plaintiff, Charles Hudson is entitled to actual

damages, punitive damages, plus attorney's fees and costs pursuant to 15 U.S.C. 1681n, and for Defendants', Sallie Mae's and Progressive's negligent violations of the FCRA, Plaintiff is entitled to actual damages and attorney's fees pursuant to 15 U.S.C. 1691o.

### COUNT FOUR
(VIOLATIONS OF THE FAIR CREDIT REPORTING ACT)

42. Plaintiffs incorporate by reference all of the above paragraphs one-forty one(1-41) of this Complaint as though fully stated herein.

43. Defendants, Sallie Mae and Progressive knew or should have known that the Plaintiff, Mr. Hudson was not the owner of the Loan and never signed the Loan application with Sallie Mae and never gave his permission or consent to Sallie Mae for the Loan.

44. In the entire course of their actions, Defendants, Sallie Mae and Progressive willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects, in that Defendants, Sallie Mae and Progressive did not (1) reasonably conduct investigation of Mr. Hudson's dispute which was made through a CRA, and or (2) review the relevant information of the dispute and or report the results of the investigation and or (3) correct any information they later discovered to be inaccurate, and or (4) provide notice that the account was in dispute.

45. Defendants' conduct as described violates the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., 15 U.S.C. §1681s–2(b), inter alia.

46. As a result of the criminal and other statutory violations demonstrated above, Plaintiff, Charles Hudson has sustained injury, including, actual damages, denial of credit, reduction of his credit score, humiliation, intimidation, abuse, fear, mental anguish and pain and suffering.

47. ,As a result of the criminal and other statutory violations demonstrated above, Plaintiff, Charles Hudson is entitled to actual damages, statutory damages and punitive damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, inter alia.

48. For defendants' Sallie Mae's and Progressive's willful violations of the FCRA, 15 U.S.C. §1681, et seq., 15 U.S.C. §1681s–2(b), inter alia, Plaintiff, Charles Hudson is entitled to actual damages, punitive damages, plus attorney's fees and costs pursuant to 15 U.S.C. 1681n, and for Defendants', Sallie Mae's and Progressive's negligent violations of the FCRA, Plaintiff is entitled to actual damages and attorney's fees pursuant to 15 U.S.C. 1691o.

## COUNT FIVE
(VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

49. Plaintiffs incorporate by reference all of the above paragraphs one-forty eight (1-48) of this Complaint as though fully stated herein.

50.    Defendants knew or should have known that the Plaintiff, Mr. Hudson was not an owner of the Loan and never signed the Loan application with Sallie Mae.

51.    Mr. Hudson, in fact never owed any debt to Sallie Mae whatsoever.

52.    In the entire course of their collection actions, Defendants, Sallie Mae and Progressive willfully and/or negligently violated multiple provisions of the FDCPA in one or more of the following respects, in that Defendants, Sallie Mae and Progressive (1) communicated with Plaintiff, Charles Hudson, without his prior consent although Sallie Mae and Progressive knew Plaintiff, Charles Hudson, was represented by an attorney, in violation of 15 U.S.C. §1692c(a)(2), and or (2) falsely represented the character, amount or legal status of a debt owed by Plaintiff, Charles Hudson, in violation of 15 U.S.C. §1692e(2)(A) and or (3) threatened to take action that cannot legally be taken, in violation of 15 U.S.C. §1692e(5), and or (4) communicated to the CRAs Plaintiff, Charles Hudson's credit information they knew or should have known to be false including the failure to communicate to the CRAs that the Loan debt is disputed, in violation of 15 U.S.C. §1692e(8) and or (5) used false representation that they had a permissible purpose to obtain information from the CRAs concerning the Plaintiff, Charles Hudson, in violation of 15 U.S.C. §1692e(10) and or (6) failed to send Plaintiff, Charles Hudson within five days of the initial communication in January 2014, written notice of the amount of debt owed by Mr. Hudson, the name of

creditor to whom Plaintiff, Charles Hudson owed the debt and statements concerning dispute of the validity and verification of the debt, in violation of 15 U.S.C. §1692g(a).

53. As a result of the statutory violations demonstrated above, Plaintiff, Charles Hudson has sustained injury, including, actual damages, denial of credit, reduction of his credit score, humiliation, intimidation, abuse, fear, mental anguish and pain and suffering under 15 U.S.C. § 1692k(a)(1).

54. As a further result of the statutory violations demonstrated above, Plaintiff, Charles Hudson is entitled to statutory damages under 15 U.S.C. § 1692k(a)(2).

55. As a further result of the statutory violations demonstrated above, Plaintiff, Charles Hudson is entitled to costs and reasonable attorney's fee under 15 U.S.C. § 1692k(a)(3).

**Wherefore**, Plaintiffs claim against each Defendant, jointly and severally,

1. Judgment;

2. Damages, treble damages, costs and reasonable attorney's fee pursuant to C.G.S. §52-571h;

3. Statutory damages of $500 for each telephone call pursuant 47 U.S.C. §227(b)(3)(B);

4.      Statutory treble damages of up to $1,500 for each telephone call pursuant to 47 U.S.C. §227(b) (3);

5.      Actual money damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) & (B);

6.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

7.      Attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);

8.      Actual money damages pursuant to 15 U.S.C. § 1681o(a)(1);

9.      Attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2);

10.     Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

11.     $1,000 pursuant to 15 U.S.C. §1692k(a)(2);

12.     Attorney's fee and costs pursuant to 15 U.S.C. §1692k(a)(3), and;

13.     Such other further relief to which Plaintiffs are, at law, or in equity and by statute, entitled to against each defendant, jointly and severally.

                                       THE PLAINTIFFS
                                       CHARLES HUDSON AND
                                       ALEESHA HUDSON

By _____
Gregory C. Osakwe (Ct24890)
Law Offices of Gregory C. Osakwe
57 Pratt Street, Suite 701
Hartford, CT 06103-3007
Tel: 860-524-0562
Fax: 860-524-0673
E-mail: GCOsakwe@yahoo.com
Their Attorney