UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES HUDSON | : | No. 3:14-cv-01646 (MPS) |
| ALEESHA HUDSON | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| AISHA BABILONIA , | : | |
| SLM CORP., | : | |
| SALLIE MAE, INC., | : | |
| SALLIE MAE BANK, | : | |
| PFS/PROGRESSIVE FIN. SERVS., INC., | : | |
|     Defendants. | : | April 20, 2015 |

_____

## MEMORANDUM OF DECISION

**I.     Introduction**

Plaintiff Charles Hudson alleges that in April 2012, defendant Aisha Babilonia obtained a $15,000 student loan by including his information on a loan application without his consent, in violation of Connecticut identity theft laws, entitling him to damages under Conn. Gen. Stat. 52-571h. He also alleges that beginning in November 2013, defendants SLM Corp., Sallie Mae, Inc. (now known as Navient, Inc.), and Sallie Mae Bank (collectively, "Sallie Mae defendants"), as well as defendant PFS/Progressive Financial Services, Inc., a debt collection agency, engaged in debt collection efforts against him and co-plaintiff Aleesha Hudson, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

The Sallie Mae defendants have now moved to stay this litigation and compel arbitration of the claims, citing evidence that Mr. Hudson cosigned a promissory note containing an

arbitration agreement or at least later ratified the arbitration agreement through his conduct. The plaintiffs counter with Mr. Hudson's sworn affidavit in which he states that he never cosigned the promissory note and describes how he disputed the debt from the time he was first notified of it. The plaintiffs contend that the evidence to the contrary submitted by the Sallie Mae defendants is the result of identity theft. Because there are genuine disputes of material fact that at least warrant further discovery, the Court denies the motion to stay litigation and compel arbitration, but also rejects the plaintiffs' argument that sanctions should be imposed against the Sallie Mae defendants for filing the motion.

## II.   Legal Standard

"In the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary. 9 U.S.C. § 4." *Id.* "To establish a genuine issue entitling a party to a jury trial, an unequivocal denial that the agreement [to arbitrate] had been made [is] needed, and some evidence should [be] produced to substantiate the denial." *Doctor's Associates, Inc. v. Jabush*, 89 F.3d 109, 114 (2d Cir. 1996) (quotation marks omitted; alterations in original).

"In a typical motion to compel arbitration . . . some discovery may be allowable or necessary." *Moss v. BMO Harris Bank, N.A.*, No. 13-CV-05438 (JFB) (GRB), 2014 WL 2565824 (E.D.N.Y. June 9, 2014) (quoting *Lismore v. Societe Generale Energy Corp.*, No. 11-CV-06705 (AJN), 2012 WL 3577833, at *1 (S.D.N.Y. Aug. 17, 2012); *see also Alvarez v. T-Mobile USA, Inc.*, 822 F. Supp. 2d 1081, 1085 (E.D. Cal. 2011) ("With respect to the first threshold issue, formation of an agreement, Alvarez is entitled to discovery. . . . According to

Alvarez, he did not sign the agreement . . . . Discovery is appropriate for this allegation."). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

### III. Discussion

The plaintiffs unequivocally deny that Mr. Hudson ever signed the loan agreement or gave his permission to be included on the loan application. Compl. ¶¶ 12, 13, 17, 43, 50. They are entitled to an opportunity to conduct discovery on this issue, which was raised as a subject requiring discovery in the parties' case management plan prepared in accordance with Fed. R. Civ. P. 26(f) and submitted on January 28, 2015. But the plaintiffs had little chance to carry out discovery before the Sallie Mae defendants filed the motion to compel arbitration on March 19, 2015; discovery only commenced with the Court's January 30, 2015 scheduling order and is set to continue through September 30, 2015. It would be premature for the Court to decide the issue as a matter of law at this stage, in light of the allegations in the complaint.

In any event, on the basis of the present record, Mr. Hudson's sworn affidavit suffices to raise genuine disputes of material fact as to whether an arbitration agreement between Mr. Hudson and the Sallie Mae defendants was ever formed. *See* Exh. 4 to Pl.'s Opp. The Sallie Mae defendants have supported their motion to compel arbitration with documents purportedly signed by Mr. Hudson and evidence of other communications purportedly made to and by Mr. Hudson. But Mr. Hudson's testimony directly rebuts the Sallie Mae defendants' evidence, as Mr. Hudson denies that he signed those documents or was a party to most of those communications. On the basis of the limited record made available to the Court, a reasonable fact-finder could conclude, as the plaintiffs have argued and Mr. Hudson's testimony supports, that Mr. Hudson was the

victim of identity theft and therefore never entered into an arbitration agreement with the Sallie Mae defendants.

As to the January 8, 2014 and January 13, 2014 telephone calls between Mr. Hudson and a Sallie Mae representative—the parties agree that these calls took place and have provided recordings—the content of these conversations is not necessarily inconsistent with Mr. Hudson's testimony and does not undermine the genuineness of the factual dispute. Although at the beginning of the January 8 call Mr. Hudson seems to acknowledge cosigning the loan for "Aisha" and having an address in Brooklyn where loan documents had been sent, it seems possible or even likely, in the fuller context, that Mr. Hudson, who said that he was driving at the time, misheard and assumed that the representative was referring to a loan for his wife Aleesha (This is how Mr. Hudson explains the conversation in his affidavit.) and was not fully paying attention to or processing the question about the address. And indeed, during the January 13 call, Mr. Hudson expressly tells the representative that he previously misheard the name Aisha as Aleesha, does not know Aisha Babilonia, and does not have a Brooklyn address.

Finally, the Court rejects the plaintiffs' argument that the Sallie Mae defendants should be sanctioned for "withholding relevant evidence" and filing a "frivolous motion." The Court finds that the Sallie Mae defendants had a reasonable basis for their allegations and that there is no evidence of bad faith. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness . . . . With respect to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in support.") (quotation marks omitted); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) ( "In order to impose sanctions pursuant to its inherent power, a

district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith . . . .").

## IV. Conclusion

The Motion to Compel Arbitration and Stay Litigation (ECF No. 50) is DENIED. The Court also denies the plaintiffs' request for sanctions. The Court will hold a telephonic status conference at 3:00pm on April 23, 2015, to discuss the scheduling of discovery and trial on the issue of whether an agreement to arbitrate was formed. Plaintiffs' counsel should initiate a call to defense counsel and then add chambers to the line.

The Motion to Stay Discovery and Pretrial Deadlines Pending Resolution of the Motion to Compel Arbitration (ECF No. 51) is DENIED as moot. The Motion to Stay Discovery or, In the Alternative, for Protective Order (ECF No. 43) is DENIED as moot with regard to the request for a stay of discovery, and is DENIED without prejudice with regard to a protective order, for failure to follow the undersigned's instructions for discovery disputes, available on the Court's website. The Motion for Default Entry (mistakenly styled on the docket as a motion for default judgment) (ECF No. 39) is DENIED as moot because the Clerk has already entered the default.

**SO ORDERED** this 20th day of April 2015, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

5